## COURT OF APPEALS.

PEOPLE *ex rel.* WALKILL VALLEY RAILROAD COMPANY agt. KETOR and others, assessors, &c.

*Appeal—Limit of time—Laws* 1880, *chapter* 269—*Code of Civil Procedure,. section* 1325 —*Proper notice— Supreme court rule* 2.

The time in which an appeal from a decision of the general term, affirming a reduction of assessment made by the special term upon a *certiorari* brought under Laws of 1880, chapter 269, is regulated by section 7 of that law, and not by section 1325 of the Code of Civil Procedure, and such appeal *must* be taken within sixty days after service of a copy of judgment on appellant's attorney.

Where the address of the attorney was omitted from the notice of entry, &c., on the copy of a general term order served, but the copy of judgment for costs served on appellant's attorney was indorsed with the address of

relator's attorney, and also with a notice that the·paper served was a copy of a judgment of affirmance, with costs, and giving the date and place of its entry:

*Held,* to be a proper notice under rule 2.

*Decided December,* 1885.

*Peter Cantine,* for appellants.

*A. T. Clearwater,* for respondents.

EARL, *J.*—This is a motion to dismiss an appeal to this court, on the ground that·it was not taken within the time prescribed by law. The relator, conceiving itself aggrieved by the assessments made by the defendants, as assessors of the town of Rosendale, Ulster county, procured a writ of *certiorari* to review the assessment under the act, chapter 269, of the Laws of 1880. Upon the return of the writ, a hearing was had at the special term, where the assessment was reduced. The defendants then appealed to the general term, where the decision of the special term was affirmed, and a judgment of affirmance was entered on the 22d day of July, 1885, and notice thereof was given to the attorney for the defendants on the same day. From that judgment the defendants appealed to this court, on the 20th day of November, 1885.

The defendants claim that their time to appeal was limited only by section 1325 of the Code of Civil Procedure, under which, if applicable, they had the right to appeal at any time within one year after the judgment was entered. The relator claims, however, that the appeal was regulated by section 7 of the chapter above referred to, which provides that "appeal may be taken by either party from an order, judgment, or determination under this act, as from an order, and shall be heard and determined in like manner," and hence that the appeal should have been taken to this court within sixty days after service upon the attorney for the appellants of a copy of the judgment appealed from and a written notice of the entry

thereof. We think the contention of the relator is right, and that the motion should be granted.

Chapter 269 provides a new and complete system for reviewing, upon *certiorari*, and correcting errors of assessors; and all the provisions of the act show that it was the intention of the legislature that the proceedings should be speedily conducted and speedily brought to a termination. Section 8 provides that the assessment roll shall be finally completed and filed, and notice thereof given on or before September 1, in each year; and section 2 provides that the writ shall not be granted unless application therefor shall be made within fifteen days after the completion and delivery of the assessment roll, and notice thereof given as provided in the act; that the writ shall not stay the proceedings of the assessors or other officers to whom it is directed, or to whom the assessment roll may be delivered to be acted upon according to law. Section 3 provides that the justice granting the writ shall prescribe in the writ the time within which a return thereto must be made, which shall not be less than ten days. Section 7 provides that all issues and appeals in any proceedings instituted under the act shall have preference over all other civil actions and proceedings in all courts. Section 8 provides that if final judgment shall not be given in time to enable assessors or other officers to make a new or corrected assessment for the use of the board of supervisors at their annual session, and it shall appear from the judgment that the assessment was illegal, erroneous, or unequal, then there shall be audited and allowed to the petitioner, and included in the next year's tax levy, and paid to the petitioner, the amount, with interest thereon, in excess of what the tax should have been as determined by the judgment.

It was undoubtedly expected by the law-makers that, as the writ was required to be procured in September, the proceeding would be brought to a determination in time for the action of the supervisors at their succeeding annual meeting, and such must generally be the result. The provisions of section 7 accomplish three things: (1) That all issues and appeals

instituted under the act shall have preference over all other civil actions and proceedings in all courts; (2) that every final decision under the act, for the purpose of appeal, shall be treated as an order, and hence that an appeal to this court shall be placed on the order calendar, and not be subject to the delay which might occur if it were required to be placed upon the general calendar; and (3) appeals to this court must be within the time specified for appeals from orders, to wit, sixty days, rather than one year. The provision is that appeal may be taken as from an order, and shall be heard and determined as an appeal from an order. We do not think that this is merely permissive, and that an appellant has the option to appeal either under the Code or under the section named. The provision is a part of the whole scheme, and was intended to provide the precise way in which an order, judgment or determination under that act could be reviewed. If that section is not to receive this construction, then great delay might ensue from the decision of the general term. The appellant might wait a year before bringing his appeal, and then some time might elapse before it could get upon the calendar of this court so as to entitle it to the preference given by that section. We think the plain purpose of the act, as well as public convenience, requires that we should give the construction contended for by the counsel for the relator.

It was, however, claimed, on the part of the appellants, that their time to appeal was not limited by a proper notice. The counsel for the relator served upon the appellants a copy of the order of the general term, affirming the decision of the special term, with a notice on the back thereof stating that it was a copy of the order, and when and where it was filed and entered. That notice was signed, "P. Cantine, attorney for respondents," without in any way indicating his post-office address or place of business. In pursuance of the order of the general term, the relator's costs were taxed, and a formal judgment of affirmance and for costs was entered on the 22d day of July, and a copy of that judgment was served upon the appellants' attorney, and

on the back of it was indorsed the title of the cause, and "P. Cantine, attorney for respondents, office and post-office address, Saugerties, Ulster Co., N. Y.;" and below that, signed by the same attorney, without his post-office and business addresses, was a notice stating that the paper served was a copy of a judgment of affirmance, with costs, and giving the date and place of its entry in the clerk's office of Ulster county. The judgment referred to in that notice was the judgment appealed from; and if rule 2 of the general rules of practice of the supreme court applies to an appeal to this court, the motion was a full and precise compliance with that rule, because it was indorsed on the back with the name of the attorney, with his post-office and business address. The notice was therefor sufficient to limit the appellants' time for appeal, and the appeal not having been brought within sixty days, the time prescribed for an appeal from an order to this court, it was too late, and it should be dismissed, with costs.

All concur.